IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-03038-PAB-KLM

LEWIS JACKSON MITCHAM,
MARSHA J. MITCHAM

     Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC,
ANTHONY H. BARONE, President and CEO, and
MARGARET T. CHAPMAN, Public Trustee, Jefferson County, and
ALL PERSONS UNKNOWN claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Petitioners' title, or any cloud upon Petitioners' title thereto,

     Defendants.
_____

**ORDER ON MOTION TO STAY DISCOVERY**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Defendant Margaret T. Chapman's Unopposed Motion to Stay Discovery** [Docket No. 22; Filed February 5, 2010] (the "Motion"). Defendant Chapman moves this Court to stay discovery as to the Public Trustee pending the resolution of her Motion to Dismiss [Docket No. 7].

     Although a stay of discovery is generally disfavored in this jurisdiction, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c).  See *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

     In weighing the factors set forth in *String Cheese* for determining the propriety of a stay, the Court finds that a stay is appropriate here.  First, the Court balances the Plaintiffs'

desire to proceed expeditiously with their case against the burden on Defendants of proceeding forward. *Id.* Defendant Chapman has filed a Motion to Dismiss asserting, *inter alia*, that the Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine. In such a circumstance, until jurisdiction can be established, the Court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiffs to have their case proceed expeditiously. *See id.* (finding "that subjecting a party to discovery when a motion to dismiss for lack of jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). The Court also notes that Plaintiffs do not oppose the Motion.

The Court also considers its own convenience, the interest of non-parties, and the public interest in general. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion involving jurisdiction is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 2007 WL 4165397, at *2 (D.C.Cir. Nov. 27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous*, 201 F.R.D at 5. Finally, there are

no compelling nonparty or public interests triggered by the facts at issue here.

Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Discovery as to Defendant Chapman is **STAYED**, until such time as the Court rules on Defendant Chapman's Motion to Dismiss.


Dated:  February 11, 2010

BY THE COURT:


 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge